**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30100 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00277-RSM-1 |
| v. | |
| ROBERT D. THORSON, | MEMORANDUM<sup>*</sup> |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted December 6, 2018<sup>**</sup>
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Defendant Robert D. Thorson appeals his conviction, after a jury trial, for

producing and possessing child pornography in violation of 18 U.S.C. § 2251(a),

(e) and 18 U.S.C. § 2252(a)(4)(B), (b)(2). We have jurisdiction pursuant to 28

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and "[w]e review de novo whether any prosecutorial misconduct occurred." *United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015). We affirm Thorson's convictions.

1.      Thorson contends that the prosecutor did not have a good faith basis to impeach Thorson's testimony about his allegedly exculpatory tattoo. However, substantial evidence in the record shows a good faith basis to suspect that Thorson obtained his tattoo after his arrest, including: (1) prior to the trial in federal court, the prosecutor knew that Thorson resisted the state court's order that his genitals be photographed; (2) during pretrial conference, defense counsel stated that he had no intention of offering proof regarding the physical characteristics of Thorson's genitals; (3) before the prosecutor cross-examined Thorson, he learned that Thorson had argued to the state judge that the ordered photography would "compel me to provide evidence against myself"; (4) before the prosecutor cross-examined Thorson, he obtained the relevant photographs and believed that a comparison of these photographs against the video in question showed that, with the exception of the tattoo, the images were almost certainly of the same person; and (5) the prosecutor knew that inmates are capable of obtaining a tattoo while in custody, even when a prisoner is housed in SHU.

2.      Thorson next argues that the prosecutor violated his Fifth Amendment

right to remain silent by discussing his resistance to the state court's order that his genitals be photographed. But Thorson did not remain silent; he wrote to the state court and complained that the order was "an unconstitutional order to compel me to provide evidence against myself" and then testified in his federal trial, inconsistently, that he had an exonerating tattoo that proved it was not him in the video. If a defendant testified to facts inconsistent with post-arrest statements, the prosecutor may question the defendant about that inconsistency to show that the defendant is not credible. *Anderson v. Charles*, 447 U.S. 404, 408–09 (1980) (per curiam); *United States v. Makhlouta*, 790 F.2d 1400, 1404–05 (9th Cir. 1986). Because Thorson's statements to the state court were inconsistent with his testimony during his federal trial, the prosecutor was entitled to argue that Thorson's earlier statements called into question the believability of his testimony about the age of his tattoo. The prosecutor's cross-examination of Thorson and the closing argument were properly focused on Thorson's credibility and did not amount to assertions that Thorson's resistance to the order was substantive evidence of his guilt. *See Anderson*, 447 U.S. at 408 (noting that cross-examination cannot "be bifurcated so neatly" and courts should look to "[t]he quoted colloquy, taken as a whole").

3. Thorson similarly contends that the prosecutor violated his Sixth

Amendment right to counsel and right to present a defense by arguing that his "counsel's resistance to the state court order implied guilt." As discussed, the prosecutor never argued that Thorson's opposition was substantive evidence of his guilt; the prosecutor merely argued that Thorson's objections were inconsistent with his testimony claiming to have an exonerating tattoo.

**AFFIRMED.**